# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSE JIMENEZ,

      Petitioner,

v.

STEPHEN PFEIFFER, Warden,

      Respondent.

Case No. SA CV 19-1321 CJC (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

The Court grants the California Attorney General's motion to dismiss this untimely habeas corpus action. 28 U.S.C. § 2244.

\* \* \*

1. Petitioner was convicted of multiple counts of attempted murder and gang-related offenses in the early 2000s. His conviction became final when the state supreme court denied review in mid-2004. He is currently serving a life term in prison.

2. In 2019, Petitioner filed this habeas action in federal court. (Docket # 1.) The petition contained (a) a challenge to the sufficiency of the

1  evidence at his original trial, and (b) a claim of prosecutorial misconduct. (Docket # 8-1 at 2.)

3. Magistrate Judge Wilner issued a screening order. (Docket # 4.) The order noted several facial problems with the petition, notably untimeliness under AEDPA and a lack of exhaustion of the claims. The Court directed Petitioner to file a supplemental statement regarding these defects.

4. Petitioner did so. (Docket # 5.) Even though Petitioner's supplemental statement did not fully address Judge Wilner's concerns, the Court ordered the Attorney General to respond to the petition. (Docket # 6.)

5. The Attorney General subsequently moved to dismiss the action as untimely. (Docket # 8.) In response to the motion, Petitioner made a cursory argument that he was entitled to equitable tolling of the statute of limitations based on his low educational/reading level, and delays in obtaining his legal files over the years.[1] (Docket # 14.)

* * *

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party or by summary proceedings. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

---

[1] Judge Wilner twice informed Petitioner of his obligation to present evidence regarding his claim for equitable tolling. (Docket # 4, 10.)

7. Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

8. AEDPA's statutory limitations period may be tolled for statutory or equitable reasons "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To establish equitable tolling, prisoners must prove that: (1) they have been pursuing their rights diligently; and (2) some extraordinary circumstances caused the delay. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).

9. Equitable tolling requires prisoners to clear "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). A prisoner's poor educational background or lack of literacy is not enough on its own to establish extraordinary circumstances. Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986); Baker v. CDC, 484 F. App'x 130, 131 (9th Cir. 2012) (proof of "limited reading and writing abilities does not establish a mental condition that would amount to extraordinary circumstances" for equitable tolling). Moreover, a prisoner must prove that his lack of access to his trial record – which may be a typical circumstance for incarcerated inmates – was the cause of his delay in seeking habeas relief. Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

\* \* \*

10. Petitioner failed to meet this rigorous standard. He filed this action a decade and a half after his conviction became final. 28 U.S.C.

3

| | |
|---|---|
| 1 | § 2244. Petitioner concedes that his petition is untimely under federal law. |
| 2 | (Docket # 14 at 1 ("I Petitioner fully understand now that I was late on |
| 3 | filing my federal petition [due] to the fact that I was given a time |
| 4 | limitation.").) |
| 5 | 11.  Petitioner's claim that he is entitled to 15 years of equitable |
| 6 | tolling is unsupported and unconvincing. His opposition to the dismissal |
| 7 | motion consisted of a single page of a prison disciplinary report from 2006. |
| 8 | (Docket # 14 at 3.) This excerpt shows that Petitioner had a low reading |
| 9 | level. But Petitioner admitted (without any documentation) that he was |
| 10 | able to improve his educational ability over time. (Id. At 1-2.) More |
| 11 | directly, though, he failed to explain how his reading and writing abilities |
| 12 | many years ago prevented him from taking other steps (contacting private |
| 13 | lawyers, other inmates, etc.) to pursue habeas relief reasonably diligently |
| 14 | following his conviction. Pace, 544 U.S. at 418; Baker, 484 F. App'x at 131. |
| 15 | 12.  Similarly, Petitioner offered no evidentiary support for his |
| 16 | bare claim that an unidentified amount of time he spent in segregated |
| 17 | housing in 2005 without his legal file (Docket # 14 at 2) explained the |
| 18 | overall delay in filing this habeas action. Bryant, 499 F.3d at 1061. |
| 19 | Petitioner's meager submission has not convincingly approached the |
| 20 | "high bar" necessary to establish a claim to equitable tolling of AEDPA's |
| 21 | time limits. Yeh, 751 F.3d at 1077. |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Therefore, the present action is hereby DISMISSED with prejudice as untimely.[2]

IT IS SO ORDERED.

Dated: February 13, 2020

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes, but need not take up, the Attorney General's additional contention that one of Petitioner's claims was never presented to the state supreme court and is unexhausted. Given the passage of time, there is little likelihood that Petitioner could ever obtain timely collateral review of the claim in state court.

5